IN RE POWERS

[144 N.C. App. 140 (2001)]

Affirmed.

Judges TIMMONS-GOODSON and JOHN concur.

———————

IN THE MATTER OF: JASON MATTHEW POWERS

No. COA00-820

(Filed 5 June 2001)

**Juveniles— delinquency hearing—right of parents to be heard**

A juvenile's parents were not denied their right to present evidence at a dispositional hearing where the juvenile's parents were tendered for any questions the court might have, but the court did not question them. The record contains no evidence that the parents attempted to offer evidence or advise the court during the dispositional hearing and the court had no affirmative duty to question them. N.C.G.S. § 7B-2501(b).

Appeal by respondent parents from order filed 10 March 2000 by Judge Martin J. Gottholm in Davidson County District Court. Heard in the Court of Appeals 8 May 2001.

*Attorney General Michael F. Easley, by Assistant Attorney General Diane Martin Pomper, for the State.*

*Jon C. Michael for respondent-appellants.*

GREENE, Judge.

Kathy Powers and Charles Powers (Respondents) appeal from a juvenile disposition and commitment order filed 10 March 2000 committing Respondents' minor child Jason Matthew Powers (the Juvenile) "to the Office of Juvenile Justice for placement in one of the residential facilities operated by the Division, for . . . an indefinite term for a minimum of 6 months and not to exceed the [J]uvenile's eighteenth birthday."

The record shows the Juvenile, a fifteen year old, was charged in juvenile court as being a delinquent juvenile as defined by N.C. Gen.

Stat. § 7A-517(12),[1] in that he "unlawfully, willfully and feloniously did steal, take and carry away a 1989 Honda Civic" in violation of N.C. Gen. Stat. § 14-72(a). At the adjudication hearing, the Juvenile admitted to the acts alleged in the petition and the trial court adjudicated the Juvenile delinquent. The trial court subsequently held a dispositional hearing, at which the Juvenile, the Juvenile's attorney, and Respondents were present. At the hearing, the Juvenile's attorney made brief remarks. He then stated to the trial court, "I would tender [Respondents] to the Court for any questions you may have of [them]." The trial court responded, "I don't have anything else" and the hearing was concluded. Respondents did not request an opportunity to present evidence or to address the trial court at the dispositional hearing.

---

The dispositive issue is whether the trial court denied Respondents their right to "present evidence" and "advise the court concerning the disposition they believe to be in the best interests of the juvenile" pursuant to N.C. Gen. Stat. § 7B-2501(b) when, after Respondents were tendered to the trial court, the trial court did not question Respondents.[2]

Respondents argue they "were not given the opportunity to present evidence or to be heard regarding disposition," in violation of section 7B-2501(b). We disagree.

Section 7B-2501(b) provides that at a dispositional hearing, "the juvenile's parent[s] . . . shall have an opportunity to present evidence, and they may advise the court concerning the disposition they believe to be in the best interests of the juvenile." N.C.G.S. § 7B-2501(b) (1999).

In this case, the Juvenile's attorney stated to the trial court, "I would tender [Respondents] to the Court for any questions you may have of [them]." The trial court responded that it did not "have any-

---

1. Repealed by Session Laws 1998-202, s. 5, effective July 1, 1999. See now § 7B-1501(7) (1999).

2. We note that the parents of a juvenile have a statutory right to appeal from "any final order of the court" relating to undisciplined and/or delinquent juveniles. N.C.G.S. § 7B-2602 (1999); N.C.G.S. § 7B-2604 (1999). In this case, Respondents, the parents, appeal based on the alleged violation of a right provided *directly to them* by the North Carolina Juvenile Code. Thus, because Respondents argue they were prejudiced by a denial of *their* rights, we need not address the issue of whether a parent would have standing to challenge on appeal the alleged denial of a right of the juvenile or to challenge an alleged error during the adjudicatory or dispositional proceedings that did not affect the rights of the parent.

thing else," and the hearing was concluded. The trial court's decision not to question Respondents did not constitute a refusal to allow Respondents to present evidence or to advise the trial court regarding the appropriate disposition, as section 7B-2501(b) places no affirmative duty on the trial court to question the parents of a juvenile. Additionally, the record contains no evidence Respondents attempted to offer evidence or to advise the trial court during the dispositional hearing. Accordingly, Respondents were not denied the right to present evidence and advise the trial court under section 7B-2501(b).[3]

Affirmed.

Judges TIMMONS-GOODSON and TYSON concur.

---

3. Additionally, Respondents argue their alleged denial of the opportunity to present evidence at the dispositional hearing violated their right to due process under the United States Constitution. As the North Carolina Legislature has provided parents with the statutory right to present evidence and to be heard at a dispositional hearing and Respondents were not denied that statutory right in this case, we need not address whether the failure to provide parents with this right is a violation of the parents' right to due process.